UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CR-83 |
| | ) | |
| LARRY COLE, | ) | |
| | ) | |
| Defendant. | ) | |

## *MEMORANDUM AND ORDER*

Defendant Larry Cole ("Cole") was arrested on August 18, 2006, after an Indictment was returned by a grand jury in this district in 3:06-CR-83. Smith is charged in Counts One (1) and Two (2) and in a Forfeiture Allegation. Count 1 charges a violation of 18 U.S.C.§ 922(g)(1), Felon in Possession of a Firearm. Count 2 charges a violation of 18 U.S.C. § 922(g)(3), Unlawful Transport of Firearms.

Magistrate Judge Nuechterlein held a detention hearing on August 23, 2006, in South Bend, Indiana. Magistrate Judge Nuechterlein concluded that no condition or combination of conditions of release would reasonably assure the safety of the community. Order of Detention (Docket No. 9) at 1. Magistrate Judge Nuechterlein based his conclusion on the findings and analysis of the matters enumerated in the pretrial services report and as stated on the record in open court at the detention hearing. *Id*. This Court held a detention review hearing on September 8, 2006 in South Bend, Indiana.

**STANDARD OF REVIEW**

When reviewing a magistrate judge's detention order under 18 U.S.C. §3145(b), this Court must reach its own independent conclusions. *U.S. v. Bergner*, 800 F.Supp. 659 (N.D. Ind. 1992). In this regard, this Court must conduct what is substantially a *de novo* review and need not defer to the magistrate's findings. *U.S. v. Levine,* 770 F.Supp. 460 (N.D. Ind. 1991)*; see also U.S. v. Portes*, 786 F.2d 758, 761 (7th Cir. 1985). Concerning the evidentiary basis for this Court's ruling, it is within this Court's discretion to hear evidence additional to that heard by Magistrate Judge Nuechterlein. *See U.S. v. Messino*, 842 F. Supp. 1107, 1109 (N.D. Ill. 1994); *Levine*, 770 F. Supp. at 464 n.7. Alternatively, this Court may rely on the transcript of the hearing below as its source of evidence, a procedure that serves "judicial economy and speeding determination." *Messino, id.*, *U.S. v. Allen*, 605 F.Supp. 804, 867 (W.D. Pa. 1985); *see also U.S. v. Torres*, 929 F.2d 291 (7th Cir. 1991). Evidence was presented to this Court at the September 8, 2006 detention review hearing in the form of statements proffered to this Court by Assistant United States Attorney Lesley J. Miller Lowery and by Cole's attorney, Mark S. Lenyo. This evidence and these statements serve as the evidentiary basis for this Court's decision.

**ANALYSIS**

Title 18 of the U.S. Code, §§ 3142(a) and (e) authorize a district court to order that, pending trial, a person charged with an offense be detained. The Court may order detention pending trial if the following finding is made: "That no condition or

combination of conditions will reasonably assure the appearance of the person as required (serious risk of flight) and the safety of any other person and the community." 18 U.S.C. §3142(e); *United States v. Diaz,* 777 F.2d 1236 (7th Cir. 1985).  Defendant can be detained *either* upon a showing of dangerousness, or upon a showing of risk of flight, and the Government need not establish both.  *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985).  This Memorandum and Order addresses the degree of danger to the community or to an individual posed by Defendant.

A finding that Defendant is a danger to the community must be supported by clear and convincing evidence.  18 U.S.C. § 3142(f)(2)(B).  Clear and convincing evidence is something more than proof by a preponderance of the evidence but less than proof beyond a reasonable doubt.  *Addington v. Texas*, 441 U.S. 418, 425, 99 S. Ct. 1804 (1979).  "Danger" in this context currently means more than a literal physical threat.  It includes the likelihood that the accused will engage in criminal activity, including non-violent criminal activity if released.  *See* S.Rep. No. 225, 98th Cong., 2d Sess., 3 (1984), reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3184-85; *see also*, *United States v. King*, 849 F.2d 485, 487 n.2 (11th Cir. 1988).[1]

The Bail Reform Act specifies factors the Court is to consider in determining

---

[1] The Seventh Circuit has determined that the standard on the other factors, including risk of flight, by the statute's silence, is the traditional preponderance of the evidence standard.  *United States v. Portes*, 786 F.2d 758 (7th Cir. 1985).

3

whether the defendant is dangerous or poses a risk of flight.[2]  Those factors include:

    (1) the nature and seriousness of the offense charged, including whether the offense
        is a crime of violence or involves a narcotic drug;

    (2) the substantiality of the government's evidence against Defendant;

    (3) Defendant's background and characteristics, including:

        (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and

        (B) whether, at the time of the current offense or arrest, the person was on parole, probation or other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law; and

    (4) the nature and seriousness of the danger posed by his release.

18 U.S.C. § 3142(g); *Messino,* 842 F. Supp. at 1110; *Bergner*, 800 F. Supp. at 659; *United States v. Bennett*, 731 F. Supp. 907 (S.D. Ill. 1990).  The Court must and does assess Defendant's application for review using the four factors listed above.

Factor One: The Nature and Seriousness of the Charges

Defendant faces serious charges. He is charged with violations of 18 U.S.C. §§ 922(g)(1) and 922(g)(3).  Count 1 carries a maximum possible penalty of ten (10) years imprisonment, three (3) years of supervised release, a $250,000 fine, and a special

---

[2] The Bail Reform Act of 1984 was sustained as an appropriate regulatory device to assure the safety of persons in the community and to protect against the risk of flight.  The Supreme Court has upheld the substantive right to detain based upon the Government's meeting the burden required by the statute. *See U.S. v. Montalvo-Murillo*, 495 U.S. 711, 718, 110 S. Ct. 2072, 2078 (1990); *citing U.S. v. Salerno*, 481 U.S. 739, 107 S. Ct. 2095 (1987).

assessment of $100.00 if Defendant is found convicted. Count 2 carries a maximum possible penalty of ten (10) years imprisonment, three (3) years of supervised release, a $250,000 fine, and a special assessment of $100.00 if Defendant is convicted. These are the statutory penalties. Additionally, under the U.S. Sentencing Guidelines, Cole could face a substantial prison term given the nature of the offenses and the nature and extent of his criminal history.

<u>Factor Two: The substantiality of the Government's evidence</u>

The weight of the government's evidence favors detention. The government proffered evidence comprising the background of the charged offense conduct. Lesley Miller Lowery stated that the police were called to an area in South Bend, Indiana on a report of an armed disturbance. When police arrived on the scene, officers encountered two men, one of whom was allegedly the Defendant, standing by a car. The government stated that, before complying with the officers' requests, the Defendant allegedly went to the car and put something inside of the car. A later search by police revealed the presence of a gun and marijuana in the car. The government proffered that the Defendant first denied knowledge of the gun, but admitted that the marijuana was his. The government has evidence in the form of Cole's statement to the police admitting that the gun was his and that he would "carry a gun any chance he had" due to prior problems.

The government presented evidence by proffer that prior to the above-mentioned incident, the Defendant was involved in an argument over money and a woman, went to a

5

friend's house to obtain a gun, placed the gun in the waistband of his pants, and then went to meet with the man he with whom he was arguing. The government contends that the potential consequences of taking a gun to an argument could have been dire.

Factor Three: Defendant's Background and Characteristics

The Court can consider a variety of items in its evaluation of Defendant's history and characteristics. According to 18 U.S.C. 3142(g)(3)(A), the Court may assess: the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings.

The Defendant has a significant criminal history, and this Court has reviewed a history of the Defendant's prior arrests. The offenses charged in those arrests include, but are not limited to the following: a conviction in 1993 for Possession of Cocaine (Cause #71D01-9308-CF-00762), a conviction in 1994 for Possession of Cocaine and Resisting Law Enforcement (Cause # 71D06-9409-CF-00989), and a conviction in 2001 for Possession of Cocaine (Cause #71D04-0100-CF-00427).[3] The pretrial services report noted that "[r]ecords from the St. Joseph County Jail note the defendant is an identified

---

[3] The pretrial services report stated that the Defendant has "numerous traffic convictions for driving under suspension. The defendant has twenty or so other convictions which due to time constraints are not available at this time." Pretrial Services Report at 3. The probation officer assigned to this case provided this Court with an Addendum to the Pretrial Services Report with a complete criminal history.

gang member, with affiliations to the Chapin St. Posse and the Vice Lords." *Id*. at 3.

Defendant also argues that he has strong family ties.  The Defendant has never been married, but has been in a relationship for the past five years with Josephine Thomas ("Thomas").  Thomas has a daughter and son that reside with her and the Defendant.  The Defendant has six children from previous relationships.[4]  They include: Paige Cole (12), Larry D. Cole, Jr. (14), Will Roy (12), D'Martez Cole (17), Malaysia Cole (age unknown), and Rashard Cole (age unknown).[5] *Id*. at 1.

The Defendant attended Riley High School in South Bend, Indiana, until the 10th grade.  He "left school due to frustration" and, while he attended GED classes, he never completed the required courses.  *Id*.  Currently, the Defendant is unemployed.  His last job was a maintenance position that he held for the past year in South Bend, Indiana, earning $9.25 an hour.  He has also held various factory type jobs over the past two years.

The Defendant stated that he has no history of mental health problems, but stated that he is in poor health.  In 2000, he was shot by Shirley Dozier, the mother of two of his children.  As a result of this shooting, the Defendant has "two bullets lodged in arteries in close proximity to his heart." *Id*. at 2.  According to the pretrial services report, the Defendant "has had difficulty with crack cocaine and marijuana addiction."[6] *Id*.  The

---

[4]The Defendant stated that he pays child support for these children.  Pretrial Services Report at 1.

[5]The Defendant reported to pretrial services that he believes D'Martez Cole is incarcerated and that he questions the paternity of Malaysia Cole and Rashard Cole.

[6]The Defendant reported that he first used marijuana and cocaine at age 16 and that he was using crack cocaine daily until five years ago.  He used marijuana as frequently as one day before the pretrial

7

Defendant also admitted to experimentation with ecstasy. *Id.* He received court ordered aftercare treatment in St. Joseph County upon his release from prison in 2004. *Id.*

### Factor Four: The Nature and Seriousness of the Danger Posed by His Release

Cognizant of the government's heightened burden on this issue, the Court here looks for clear and convincing evidence regarding the nature and seriousness of the danger posed by Defendant's release. Despite his assumption of the responsibilities of a home and children, the Defendant's record makes apparent that Defendant has an inability and unwillingness to comport his behavior with the mandates of the law and societal norms.

The Defendant's record speaks for itself in terms of the danger he poses. The Defendant has at least two federal felony convictions for Possession of Cocaine, is a convicted felon with known gang affiliations who is now charged with offenses involving firearms and drugs, and is a current marijuana user and a past crack cocaine addict with access and a willingness to carry firearms. This combination of factors convinces this Court that the Defendant poses a significant danger to society.

## CONCLUSION

Ths ultimate determination that a district judge is required to make–whether it is reasonably certain that a Defendant will appear for trial if admitted to bail and whether he can be left at large without endangering the safety of other persons–depends both on

---

services report.

personal observation of the Defendant and on weighing the factors listed above. 18 U.S.C. § 3142(e-g), *Diaz*, 777 F.2d 1236.  For purposes of detention, this Court finds that the government has more than met its burden of proof that Defendant poses a risk of danger to society or to another individual.  There is no reason for this Court to believe that the safety of the community will be ensured if Defendant is released.  Therefore, this Court finds that pre-trial detention is warranted in this case, and the Defendant will remain in custody pending trial.

**SO ORDERED**.

**Dated: September  12 , 2006**

                                                 **S/ ALLEN SHARP**
                                           **ALLEN SHARP, JUDGE**
                                           **UNITED STATES DISTRICT COURT**